UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEADENE BAKER,

                Plaintiff,        Civil Action No. 12-14512
                                      Honorable Robert H. Cleland
                                      Magistrate Judge David R. Grand

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

                Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS [7] AND TO DENY THE REQUESTS FOR RELIEF CONTAINED IN PLAINTIFF'S MEMORANDUM IN SUPPORT OF NECESSITY TO WORK [8], OBJECTIONS TO THE MOTION TO DISMISS [9], AND "MOTION TO OBJECT DEFENDANT'S DISMISSAL" [10]**

      This action has a lengthy procedural history which dates back to May of 1999, when Plaintiff Leadene Baker ("Baker"), who was born on March 25, 1957, filed an application for Childhood Disability Benefits. Her claim for those benefits was denied – first by the administrative law judge, and then, on appeal, by the Eastern District of Michigan and Sixth Circuit Court of Appeals – because she had engaged in substantial gainful activity during the relevant period. In December 2008 – about 4-and-a-half years after the Sixth Circuit's decision affirming denial of Baker's claim for Childhood Disability Benefits – Baker commenced a new administrative proceeding, seeking a hearing as to her entitlement to those same benefits. The assigned ALJ denied her request on *res judicata* grounds, and the Appeals Council denied further review. This action followed [1], and the Defendant Commissioner of Social Security moved to dismiss it, arguing that, pursuant to Fed. R. Civ. P. 12(b)(1), the Court lacks subject matter jurisdiction. [7]. Baker filed three papers in response: (1) Plaintiff's Memorandum in

Support of Necessity to Work [8]; (2) Objections to the Motion to Dismiss [9] and "Motion to Object Defendant's Dismissal" [10] ("Baker's Motions"). In short, Baker's Motions ask the Court to either rule substantively on, and grant, her application for benefits [9], or return this action to the Appeals Council for further review [8, 10]. These matters are now before this Court for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). [3].

## I.  RECOMMENDATION

For the reasons set forth below, the Court RECOMMENDS that the Commissioner's Motion to Dismiss [7] be GRANTED and that the requests for relief in Baker's Motions [8, 9, 10] be DENIED.

## II.  REPORT

### A.  Procedural History[1]

#### i.  Baker's Prior Claims for Disability Benefits

In June of 1989, Baker, then 42 years old, filed a claim for Disability Insurance Benefits, and prevailed, establishing entitlement to benefits as of May 20, 1989. [7-1 at 16-17]. On May 26, 1999, Baker filed an application for Childhood Disability Benefits under Sections 202(d) and 223 of the Social Security Act, 42 U.S.C. §§ 402, 423. [*Id.* at 15]. Administrative Law Judge Kathleen T. Donahue ("ALJ Donahue") denied that claim on March 29, 2001. [*Id.* at 15-19]. As

---

[1] Because the Commissioner challenges this Court's subject matter jurisdiction over the instant action, this Court may consider matters outside Baker's complaint without converting the Commissioner's motion to a motion for summary judgment. *See e.g.*, *Multibrand Corp. v. Block*, No. 11-15006, 2012 WL 1843261, at *5 (E.D. Mich., May 21, 2012) ("The Court may rely on affidavits or any other evidence properly before it and has wide latitude to collect evidence to determine the issue of subject matter jurisdiction.") (citing *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986)). Accordingly, the background facts discussed herein come from Baker's complaint, the Declaration of Patrick J. Herbst, the Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration (Herbst Decl."), and the exhibits attached thereto, all of which the Commissioner provided in support of his instant motion. [7-1]. Baker does not challenge the accuracy of the factual assertions contained in Herbst's declaration or the authenticity of its exhibits.

ALJ Donahue explained, "the issue to be resolved [in that case was] whether [Baker] can [] establish the onset of a disability prior to attainment of age 22 on March 25, 1979 **and which continued uninterrupted through the [date of her application]**." [*Id.* at 17 (emphasis in original)]. *See also id.* at 18 (quoting *Anderson v. Heckler*, 726 F.2d 455 (8th Cir. 1984) and *Futernick v. Richardson*, 484 F.2d 647, 648 (6th Cir. 1973))]. Since one who engages in "substantial gainful activity" is not under a disability, the ALJ found that she was first required to determine whether Baker had "engaged in substantial gainful activity at any time since attainment of age 22" when she was of working age. [*Id.* at 17-18 (citing 42 U.S.C. § 402(d)(1)(A))].

ALJ Donahue answered that question in the affirmative. [*Id.* at 17]. Specifically, ALJ Donahue noted Baker's earnings of approximately $6,300 in 1982 and between $8,500 and $12,000 in each of the years 1986, 1987 and 1988, each of which was "substantially in excess of the substantial gainful activity amounts" then in effect. [*Id.* at 18]. ALJ Donahue also noted that Baker was not adjudged to have been disabled until after the last year in which she had engaged in substantial gainful activity. [*Id.*]. Thus, ALJ Donahue denied Baker's claim for Childhood Disability Benefits.

Baker sought Appeals Council review, which was denied. Herbst Decl., ¶4(f). That rendered ALJ Donahue's denial of Childhood Disability Benefits the final decision of the Commissioner. 42 U.S.C. § 405(g). Baker then commenced an action in the Eastern District of Michigan, which was assigned No. 02-CV-73700, to challenge ALJ Donahue's decision. After the parties filed cross-motions for summary judgment, Magistrate Judge Virginia Morgan issued a Report and Recommendation to grant the Commissioner's motion and dismiss Baker's case. *See* 02-CV-73700 Docket No. 39. The Report and Recommendation thoroughly analyzed

Baker's arguments as to why she believed the ALJ had erred. *Id.* In particular, Baker had argued that ALJ Donahue failed to give enough weight to her medical condition in concluding she was not disabled. Magistrate Judge Morgan rejected that argument because Baker's medical condition was legally irrelevant due to the fact that she worked during the relevant period. [*Id.* at 7 (quoting 20 C.F.R. § 404.1520(b) ("If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition…") and *Bell v. Comm'r*, 105 F.3d 244, 247 ("If you are substantially gainfully employed, that is the end of your claim, even if you have compelling medical evidence that you really are disabled."))]. The Honorable Anna Diggs Taylor entered an order overruling Baker's objections to the Report and Recommendation, and affirming ALJ Donahue's decision. [02-CV-73700 Docket No. 44]. Baker appealed to the Sixth Circuit, which affirmed, finding that the medical evidence on which Baker relied was "irrelevant" due to the fact that she had engaged in substantial gainful activity prior to filing her application for Childhood Disability Benefits. [*Id.*, Docket No. 53].

### ii. Baker's Instant Claims

On December 16, 2008, four-and-a-half years after the Sixth Circuit's decision, Baker filed another application for Childhood Disability Benefits[2]. (Herbst Decl., at ¶4a). Baker requested a hearing on her application, but on October 25, 2010, Administrative Law Judge David Neumann ("ALJ Neumann") denied that request on the basis of *res judicata*, finding,

> The claimant's current request for hearing involves the rights of the same claimant on the same facts and on the same issues which were decided in the final and binding decision dated March 29, 2001, made on the prior

---

[2] Neither party provided a copy of Baker's application. However, as discussed below, there does not seem to be a dispute that she is still seeking the Childhood Disability Benefits which were the subject of her prior action.

>application.[3]  Accordingly, the claimant's request for hearing filed on March 20, 2009 is hereby dismissed. The decision dated March 29, 2001 remains in effect.

[7-1 at 8].

On April 6, 2011, the Appeals Council received Baker's request for review of that denial. (Herbst Decl., ¶4(c)).[4] The Appeals Council denied review on August 27, 2012. (*Id.*, ¶4(d), *id.* at 10). Baker then commenced this action on October 12, 2012, by filing her complaint against the Commissioner. [1]. While Baker alleges that she "seeks judicial review by the Court … [because she] strongly disagrees with the decision of [the Administrative Appeals Judge's August 27, 2012 decision denying further review of her claims,]" [*id.* at 2], it is clear that her real motive is to re-litigate the Commissioner's March 29, 2001 decision denying her prior application for Childhood Disability Benefits. Baker's complaint, while somewhat difficult to decipher, challenges the manner in which her prior action was resolved. She seems to allege that she received certain Social Security Agency correspondence that was purportedly signed by an employee who was deceased. [1 at 4]. From that, she claims that the resolution of the prior action is the product of "fraud," and that "any appeals, decision or motions [decided in that case] should be null and void…" [*Id.* at 7]. She also challenges the merits of ALJ Donahue's decision in the prior action, alleging that "[s]he misapplied the standard denying the claim…" [*Id.* at 7-8]. The gist of Baker's argument seems to be that ALJ Donahue erred in focusing on Baker's work history, rather than her medical conditions. [*Id.*; *see also, id.* at 11 ("The ALJ failed to give

---

[3] As noted in Footnote 2 above, Baker does not dispute this. In fact, in her opposition to the Commissioner's motion, she asks that the case be "immediately returned to the Appeals Counsil [sic] or Administrative Levels of Appeal based on the *proper Relevant Factors of Entitlement for [Child Disability Benefits]*. [9 at 3].

[4] Baker actually sent her request for review to President Barack Obama at the White House on February 7, 2011. [7-1 at 9].

5

proper weight to treating physician assessments of disability…")].

On December 19, 2012, the Commissioner moved to dismiss Baker's instant action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. [7]. Baker responded by requesting that this Court grant her application for benefits [9 at 2], or at least remand this matter to the Appeals Council or ALJ Neumann for further review [8, 10].

### B. Applicable Standards and Analysis

The Commissioner argues that this Court lacks subject matter jurisdiction over Baker's instant action because it only has jurisdiction to review a "final decision of the Commissioner of Social Security made after a hearing," 42 U.S.C. § 405(g), and the review sought by Baker is not of such a "final decision."[5] This is because ALJ Neumann denied her request for a hearing on *res judicata* grounds. [7-1 at 8; *see supra* at 4-5]. The Commissioner's argument is well taken.

This case is on all fours with *DeLeon v. Secretary of Health and Human Services*, 687 F.Supp. 320 (W.D. Mich., 1987). In *DeLeon*, the plaintiff had applied for surviving child's insurance benefits for her daughter, claiming that the daughter was the child of a deceased wage earner, Ventura Sanchez. However, the ALJ denied that claim when he ruled that the plaintiff had failed to show, by a preponderance of the evidence, that Sanchez was the child's father. The plaintiff did not appeal that ruling. However, two years later, the plaintiff filed a second application on behalf of her daughter for the same benefits. A different ALJ dismissed the plaintiff's request for a hearing on the grounds of *res judicata*. The Appeals Council denied review, and the plaintiff then attempted to appeal by commencing an action in the Western

---

[5] In turn, Section 405(h) provides: "no findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against … the Commissioner of Social Security … shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter." 42 U.S.C. § 405(h). In sum, it is clear that in claims arising under the Social Security Act, judicial review is permitted only in accordance with § 405(g).

District of Michigan. The Secretary moved to dismiss, arguing that the district court lacked subject matter jurisdiction to review the plaintiff's appeal. The district court agreed:

> The Secretary bases his motion to dismiss on *Califano v. Sanders*, 430 U.S. 99 [] (1979). In that case the Supreme Court held that §205(g) of the Social Security Act does not authorize judicial review of the Secretary's decision not to reopen a previously adjudicated claim for benefits. 430 U.S. at 107-108 []. The pertinent part of §205(g) provides:
>
>> 'Any individual, after any final decision of the Secretary made after a hearing to which he was a party … may obtain a review of such decision by a civil action commenced within sixty days…' (emphasis omitted)
>
> This provision clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.' But a petition to reopen a prior final decision may be denied without a hearing…

*DeLeon*, 687 F.Supp. at 321. The district court concluded that Congress clearly had decided "to limit judicial review to the original decision denying benefits." *Id.* The court also explained that the Sixth Circuit has "clearly held that the logic of *Sanders* extends to actions seeking review of the Secretary's denial of a hearing request on *res judicata* grounds." *Id.* at 322 (citing *Crouch v. Secretary of Health and Human Servs.*, 714 F.2d 139 (6th Cir. 1983), cert. denied, 464 U.S. 898 (1983)). Because the ALJ had not granted a hearing to DeLeon, and because DeLeon failed to raise any cognizable constitutional challenge to the handling of her appeal, the district court held that it lacked subject matter jurisdiction over her action, and granted the Secretary's motion to dismiss. *Id.* at 324.

*DeLeon*'s parallels to Baker's instant case are clear. As in *DeLeon*, Baker's initial claim for benefits was denied on the merits.[6] And, as in *DeLeon*, when Baker attempted to commence new administrative proceedings aimed at obtaining the same benefits that she had previously

---

[6] Indeed, Baker's underlying claim received far greater judicial attention in that she received merits-based rulings in both the district court and court of appeals.

been denied, her request for a hearing was denied on *res judicata* grounds. Therefore, because no hearing took place, Baker's instant action does not challenge a "final decision of the Commissioner of Social Security made after a hearing," 42 U.S.C. § 405(g), and this Court lacks subject matter jurisdiction to consider her instant appeal.[7] *DeLeon*, 687 F.Supp. at 324. 20 C.F.R. §404.959 provides further support for this conclusion, because it states that the "dismissal of a request for a hearing is binding, unless it is vacated by an administrative law judge or the Appeals Council."

Because this Court lacks subject matter jurisdiction to consider Baker's instant complaint, it recommends granting the Commissioner's motion to dismiss. Fed. R. Civ. P. 12(b)(1). For the same reasons, Baker's request that this Court either consider her application for benefits [9] or remand the matter to the Appeals Council or ALJ Neumann for further proceedings [8, 10] should be denied.

### III.  CONCLUSION

For foregoing reasons, the court **RECOMMENDS** that the Commissioner's **MOTION TO DISMISS [7]** be **GRANTED**. The Court also **RECOMMENDS** that the requests for relief

---

[7] Although Baker complains about certain aspects of the handling of her case by agency officials, those allegations all assert that the decisions in her case were the product of erroneous legal rulings, not constitutional violations. *See DeLeon*, 687 F.Supp. at 322 (noting that the plaintiff failed to "cite any case holding that she has a constitutional right to error free decision-making," and finding that the ALJ's ruling was not "arbitrary, capricious, or patently unsupported by the record…[which] is all the Constitution requires.") (citing *Thompson v. Schweiker*, 665 F.2d 936 (9th Cir. 1982)). Contrary to Baker's assertions, the Commissioner has no obligation to actively seek out those who might be entitled to benefits and encourage them not to engage in activity, such as working, that could jeopardize that entitlement. [8 at 2-3]. Baker's citation, apparently to SSR 83-20's Policy Statement that, "The onset of disability is the first day an individual is disabled as defined in the Act and regulations," is inapposite. The relevant statute in her underlying action, 42 U.S.C. §402(d)(1)(B), provides that a child is entitled to Childhood Disability Benefits only if she is disabled "at the time such application was filed…" As was explained in Baker's underlying action, that statute has been interpreted to mean that the child's disability must have commenced prior to her attainment of age 22 **and continued, unbroken, through the date of her application.** [7-1 at 18]. Again, Baker has failed to allege or show any constitutional deprivation in the handling of her claim.

contained in Baker's **MEMORANDUM IN SUPPORT OF NECESSITY TO WORK [8], OBJECTIONS TO THE MOTION TO DISMISS [9], AND "MOTION TO OBJECT DEFENDANT'S DISMISSAL" [10]** be **DENIED.**

Dated: July 8, 2013                                           s/David R. Grand
Ann Arbor, Michigan                                       DAVID R. GRAND
                                                                            United States Magistrate Judge

### REVIEW

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 8, 2013.

                                                                   s/Felicia M. Moses
                                                                   FELICIA M. MOSES
                                                                   Case Manager