**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LEADENE BAKER,

    Plaintiff,

v.                                                         Case No. 12-14512

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
                                                                    /

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**AND DISMISSING COMPLAINT**

Pending before the court is the report and recommendation of United States Magistrate Judge David Grand, to whom this case was referred for review pursuant to 28 U.S.C. §636(b)(1)(B) and Appendix C of the Local Court Rules.  The magistrate judge recommends dismissal.  Pursuant to 28 U.S.C. § 636(b)(1) and E.D. Mich LR 72.1(d)(2), Plaintiff timely filed a paper labeled "Motion to Object to Dismiss for Lack of Jurisdiction in Recognition of March 29,2001 Final Decision" [sic].  No particular objections are provided, however, and the court will accordingly adopt the recommendation of the magistrate judge and order the case dismissed.

**I. STANDARD**

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made."  28 U.S.C. §636(b)(1).  *See United States v. Raddatz,* 447 U.S. 667 (1980); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  This *de novo*

review requires this court to examine the relevant pleadings and such evidence as may have ben submitted in support of the motions to determine the outcome of the motions.

A failure to file objections, or a failure to file *specific* objections, each constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F2d 947 (6th Cir. 1981), *Thomas v. Arn*, 474 U.S. 140 (1985), *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise only some issues in the report and recommendation, but fail to raise others with specificity, will not preserve all the objections a party might have. *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370 (6th Cir. 1987), *Willis v. Secretary of HHS*, 931 F.2d 390 (6th Cir. 1991).

## II. DISCUSSION

Each written objection presented pursuant to Federal Rule of Civil Procedure 72(b) must be "specific" and address the "proposed findings and recommendations." This court expects that each such objection will be numbered, identify a proposed finding or conclusion, and explain why and how the magistrate judge's analysis is incorrect. In order for this court to apply meaningful *de novo* review, it is insufficient for the objecting party to simply incorporate by reference earlier pleadings or reproduce an earlier unsuccessful motion for dismissal or judgment (or response to the other party's dispositive motion). Insufficient objections to a magistrate judge's analysis will ordinarily be treated by the court as an unavailing general objection. See *Howard,* 932 F.2d at 508-509 ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and

2

the district court perform identical tasks."); *Spencer v. Bouchard,* 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement.").

Here, Plaintiff has failed to present any specific objections or argument which would provide a reason to even review, let alone reject Magistrate Judge Grand's Report and Recommendation.

Plaintiff refers generally to the "interest of justice" and "equal protection of the law," but her rambling and unorganized presentation is equivalent to a failure to object at all. Her brief does not even mention the Report and Recommendation, let alone raise any issue which has any bearing on the magistrate judge's analysis in the report. With no objections presented, Plaintiff has waived the right to *de novo* review by this court and further right of appeal. *Walters*, 638 F.2d at 949-50; *Arn*, 474 U.S. at 155; *Howard*, 932 F.2d 508-09. The court has nonetheless read the report and recommendation, and finds that it is well-reasoned, thorough, and correct.

### III. CONCLUSION

For the reasons discussed above, IT IS ORDERED that the magistrate judge's Report and Recommendation [Dkt. # 16] is ADOPTED IN FULL and incorporated by reference.

IT IS FURTHER ORDERED that the Defendant's Motion to Dismiss is GRANTED, and the case is DISMISSED.

                                           S/Robert H. Cleland
                                           ROBERT H. CLELAND
                                           UNITED STATES DISTRICT JUDGE

Dated: August 16, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record

on this date, August 16, 2013, by electronic and/or ordinary mail.

                                               <u>S/Holly Monda for Lisa Wagner</u>
                                               Case Manager and Deputy Clerk
                                               (313) 234-5522